IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. _____

_____
                                              )
RICHARD STONER,                               )
                                              )
       Plaintiff,                             )
                                              )
vs.                                           )
                                              )
                                              )
UNITED OF OMAHA LIFE INSURANCE                )
COMPANY and QUALITEST                         )
PHARMACEUTICALS INC. LONG TERM                )
DISABILITY PLAN,                              )
                                              )
       Defendants.                            )
_____ )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Richard Stoner ("Plaintiff") brings this ERISA action against UNITED OF OMAHA LIFE INSURANCE COMPANY ("Omaha") and QUALITEST PHARMACEUTICALS INC. LONG TERM DISABILITY PLAN (the "Plan") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by Omaha. Mr. Stoner is covered under the policy by virtue of his employment with Qualitest Pharmaceuticals Inc. ("Qualitest"), the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claim and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff Richard Stoner ("Plaintiff") is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant Omaha is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Qualitest sponsored and maintained the Plan.

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this district, and the denial of benefits to Plaintiff in this district.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Qualitest.

7. The Plan offers long term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant Omaha has authority to grant or deny benefits.

9. Defendant Omaha has a fiduciary obligation to Plaintiff to grant or deny benefits under the Plan fairly, and to determine benefits according to the terms of the Plan.

10. Plaintiff is a 56-year old man who worked for Qualitest Pharmaceuticals as a packaging manager until on or about September 7, 2010. On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his employment.

11. Plaintiff suffers from degenerative disc disease, which prevents him from performing the material duties of his occupation or any gainful occupation for which he is reasonably fitted by education, training or experience.

12. Plaintiff applied to Defendant Omaha and the Plan for LTD benefits and submitted medical information to Defendant Omaha showing that he is totally disabled. Plaintiff was awarded short term disability benefits and long term disability benefits.

13. However, after it granted Plaintiff's claim for long-term disability benefits for over four years, Defendant Omaha then denied Plaintiff's claim for LTD benefits on April 20, 2015.

14. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant Omaha's denial of benefits. He submitted additional information to show that he is totally disabled.

15. Defendant Omaha denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

16. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation or any gainful occupation for which he is reasonably fitted by education, training or experience.

      b.      Defendant Omaha failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

      c.      Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

17.    Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-16 above.

18.    Defendant Omaha has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

      a.      Plaintiff has been wrongfully denied long-term disability benefits;

      b.      Defendant Omaha failed to accord proper weight to the evidence in the administrative record; and

      c.      Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

19.    Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-18 above.

20.    Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1.    Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits

according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendants' wrongful denial in providing benefits to Plaintiff;

3. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

4. Enter an award for such other and further relief as may be just and appropriate.

Dated this 6th day of March 2016.

>Respectfully Submitted,
>
>*s/ Bryan L. Tyson*
>Bryan L. Tyson (N.C. Bar. No. 32182)
>Marcellino & Tyson, PLLC
>200 Providence Road, Suite 250
>Charlotte, North Carolina 28207
>Telephone: 704.919.1519
>Fax: 980.219.7025
>bryan@yourncattorney.com
>
>**Attorneys for Plaintiff Richard Stoner**